IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KERRY L. BURKE, Inmate #B40067,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 03-204-MJR |
| | ) | |
| **DONALD SNYDER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is frivolous and thus subject to summary dismissal.

     Plaintiff describes five episodes (occurring on December 9, 10, 24, and 30, 2002, and February 27, 2003) in which Defendants Corrections Officers Lochead and Holder verbally harassed Plaintiff by calling him names and threatening him with physical harm.  In the December 9, 2002, incident, Plaintiff alleges that Defendants Lochead and Holder entered his cell without placing him in handcuffs, in violation of prison regulations, while Defendant Childers watched from the corridor. Defendant Lochead then "stepped directly into [Plaintiff's] face and placed his nose against [Plaintiff's], pushing with his forehead" and continued to verbally threaten Plaintiff saying, "I am going to bust [you] in the mouth and I ain't scared to do it because you know I'll get away with it." Other than the touching of noses and foreheads, Plaintiff does not allege that either Defendant Lochead or Defendant Holder touched or physically harmed him.  Plaintiff does not allege any resulting physical injuries.  The four other incidents Plaintiff describes consist of verbal harassment and threats of physical harm, but Plaintiff does not allege that any defendant entered his cell or touched or physically harmed him.

     After the December 9 incident, Plaintiff states that he spoke to Defendant Ferrell of Internal Affairs about filing grievances against Lochead and Holder, but that Ferrell refused to allow him to do so.  Plaintiff alleges that he also spoke to Defendant Duvall of Internal Affairs about filing a grievance.  Duvall told Plaintiff he would call him to his office to discuss the matter, but then "walked away without even taking down [Plaintiff's] name."  Plaintiff states that he did eventually prepare a grievance, to which he attached exhibits, and mailed to Warden McAudory, Superintendent Mowie, Captain Eva Moore, the Attorney General's Office, and James Ryan, the cellblock counselor.  Plaintiff does not specify what, if any, response he received.

Plaintiff alleges that Defendant Snyder is responsible for the actions of all employees of the Illinois Department of Corrections and that Defendant McAudory is responsible for the actions of Lochead and Holder and for failure to prevent the harassment after he had knowledge of it through Plaintiff's grievances. Plaintiff alleges that Defendants Mowie, Moore, and Ryan failed to act on any of the grievances he filed.

Although the Court sympathizes with the Plaintiff's alleged treatment at the hands of Corrections Officers, Plaintiff's allegations do not state a constitutional claim. Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). *See also, e.g ., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

To the extent that Plaintiff is attempting to state an excessive force claim, his allegations fail to do so. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a

claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10.  *See DeWalt*, 224 F.3d at 639-40 (single, isolated shove into door frame causing minor bruising was de minimis use of force); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring bucket of water on prisoner and causing bucket to hit prisoner on head is de minimis use of force even where prisoner later suffered minor headaches).

Here plaintiff alleges that Lochead stepped into Plaintiff's face, touching him nose-to-nose and pushing him with his forehead.  Plaintiff alleges no physical injuries as a result.  Although serious physical injuries are not required to state an Eighth Amendment claim, they are a factor to be considered in determining whether the Eighth Amendment has been violated.  *See Outlaw v. Newkirk*, 259 F.3d, 833, 839-40 (7th Cir. 2001).  The Court finds the touching that occurred was a de minimis use of force and therefore did not violate the Eighth Amendment.

Even if Plaintiff had stated a claim of constitutional dimension, Defendants Snyder and McAudory cannot be sued on the basis of supervisory liability.  "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' "  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Furthermore, Defendants Mowie, Moore, and Ryan would not liable for failing to respond to grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 25th day of April, 2005.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**